**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

JACOB JEROME SMITH                                                   PLAINTIFF

V.                                    No. 4:25-CV-00768-JTK

SOCIAL SECURITY ADMINISTRATION,
Commissioner                                                         DEFENDANT

**ORDER[1]**

Plaintiff, Jacob Jerome Smith ("Smith"), appeals the Social Security

Administration Commissioner's final decision denying his application for disability

benefits. For the reasons set out below, the Commissioner's decision is AFFIRMED.

**I.      Background**

In August 2019, Smith filed an application for disability benefits, alleging that

his disability began on December 13, 2018. (Tr. at 60-62, 122, 124, 201, 207).

Smith's claim was denied initially and upon reconsideration. After an

Administrative Law Judge ("ALJ") held a hearing, the ALJ issued a decision finding

that Smith was not disabled. (Tr. at 10-35). The Appeals Council declined to review

the decision. (Tr. at 1-3). Smith filed a complaint in this Court in September 2021,

and the Court remanded the case in December 2022. (Tr. at 1549-1559). On remand,

---

[1]The parties consented in writing to the jurisdiction of a United States Magistrate Judge.
(Doc. 5).

the Appeals Council instructed the ALJ to consolidate Smith's claims, hold a new hearing, and issue a new decision. (Tr. at 1562). After a second hearing, an ALJ again found that Smith was not disabled by written decision dated April 30, 2024. (Tr. at 1405-1442). In June 2025, the Appeals Council declined to review the decision, making the ALJ's decision the Commissioner's final decision. (Tr. at 1398-1403).

## II.    The ALJ's Decision[2]

The ALJ found that Smith engaged in substantial gainful activity during the third quarter of 2023. (Tr. at 1411). However, the ALJ found that there has been a continuous 12-month period during which Smith did not engage in substantial gainful activity. *Id*. The ALJ based his findings on that time period.

The ALJ found that Smith has the following severe impairments: right hip osteoarthritis with arthroscopy, chronic pain syndrome, bilateral ankle tenosynovitis, bilateral planar fasciitis, osteoarthritis of the right acromioclavicular joint, urinary retention, diabetes mellitus type II, acute kidney injury, left ear hearing loss, cirrhosis of the liver, headaches, obstructive sleep apnea, hyperlipidemia, obesity, bipolar disorder, and anxiety. (Tr. at 1412). However, the ALJ concluded Smith did not have

---

[2] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. § 404.1520(a)-(g).

an impairment or combination of impairments that met or equaled an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. at 1412-1418).

According to the ALJ, Smith had the residual functional capacity ("RFC") to perform light work, with the following limitations: (1) only occasional pushing, pulling, and operating foot controls; (2) only occasional kneeling, crouching, and climbing ladders, ropes, and scaffolds; (3) only occasional overheard reaching; (4) only frequent handling and fingering; (5) must avoid concentrated exposure to noise, with a noise intensity level no more than 3 as per the Selected Characteristics of Occupational Titles; (6) must avoid concentrated exposure, no more than frequent, to hazards, such as moving mechanical parts and unprotected heights; (7) can understand, remember, and carry out only simple instructions; (8) can maintain attention and concentration for no longer than two hours; and (9) can no more than occasionally interact with supervisors, coworkers, and the general public. (Tr. at 1418).

The ALJ found that Smith is unable to perform any past relevant work. (Tr. at 1430). Relying on testimony from a Vocational Expert ("VE"), the ALJ found, based on Smith's age, education, work experience, and RFC, that a significant number of jobs were available in the national economy that Smith could perform. (Tr. at 1430-1432). Accordingly, the ALJ determined that Smith was not disabled from December 13, 2018 through the date of the decision. *Id*.

## III.   Discussion

### A.   Standard of Review

In this appeal, the Court must review the Commissioner's decision for legal error and determine whether the decision is supported by substantial evidence in the record as a whole. *Brown v. Colvin*, 825 F.3d 936, 939 (8th Cir. 2016) (citing *Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010)). "Substantial evidence: in this context means "enough that a reasonable mind would find [the evidence] adequate to support the ALJ's decision." *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009) (citation omitted). In making this determination, the Court must consider not only evidence that supports the Commissioner's decision, but also evidence that supports a contrary outcome. *Milam v. Colvin*, 794 F.3d 978, 983 (8th Cir. 2015). The Court will not reverse the Commissioner's decision, however, "merely because substantial evidence exists for the opposite decision." *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) (citation omitted).

### B.   Smith's Arguments for Reversal

Smith contends that the Commissioner's decision is not supported by substantial evidence because: (1) Smith could not perform the standing or walking required for light exertional work; (2) the ALJ did not properly evaluate the medical opinion of one of Smith's treating doctors; and (3) the ALJ did not account for

4

alleged absenteeism in the RFC.  After carefully reviewing the record as a whole, the Court affirms the Commissioner.

### C.    Analysis

#### 1.    Standing and walking of light work

Smith claims that that he could not perform the standing and walking required for light work. Light work is defined as being able to occasionally lift twenty pounds and frequently lift ten pounds as well as being able to sit for a total of six hours in an eight-hour workday and stand and/or walk for a total of six hours in an eight-hour workday. 20 C.F.R. § 404.1567. Smith asserts that due to pain in his feet, legs, and back, he could not perform work at this level.

The ALJ fully discussed the medical evidence related to this allegation. For example, musculoskeletal findings were grossly normal, with normal gait, motor strength, and sensation in his muscles.[3] (Tr. at 1420, 1030-1031, 1186-1193, 1233, 1706, 1746, 1781, 1801, 1897-1906). While Smith complained of edema in September 2019, at an examination in that same month, he did not have edema. (Tr. at 1420, 781-783). Monofilament testing of Smith's feet in August 2020 was normal. (Tr. at 1186). While Smith had deep vein thrombosis in his left lower leg, a left leg nerve conduction study showed no evidence of neuropathy or radiculopathy. (Tr. at

---

[3] Normal clinical findings may support an ALJ's decision to deny benefits. *Gowell v. Apfel*, 242 F.3d 793, 796 (8th Cir. 2001).

2705). Cervical and lumbar imaging from February 2023 showed only mild disc bulging at two levels of the lumbar spine. (Tr. at 1426, 2872-2875).

At multiple times, Smith's doctors noted he was not always compliant with treatment.[4] (Tr. at 1420, 388, 781, 1424, 1699). He was not following recommendations to diet or exercise. (Tr. at 2831). After a hip arthroscopy and ankle surgeries, Smith said he was doing great and he displayed good range of motion. (Tr. at 1426, 2605-2618). He was advised to use a cam walker boot for only three weeks. (Tr. at 2613).

Smith reported that he could care for pets, shop, and spend time with family.[5] (Tr. at 1416-1417, 1425, 1846). In October 2019, he said he had been laying floors, and in August 2020 he said he was working on his lawn mower. (Tr. at 1036, 1173, 1420). In March 2023, Smith said he wanted to get back to work, and his doctor advised that he could return to work. (Tr. at 1421, 2831).

The ALJ limited Smith to light work, and he added further postural limitations. This was supported in the record. Smith's contentions run counter to the medical evidence outlined above, and he has not shown that he could not perform the functions required in the range of light work.

---

[4] A claimant's non-compliance with treatment is a legitimate consideration in evaluating the validity of his alleged disability. *See Holley v. Massanari*, 253 F.3d 1088, 1092 (8th Cir. 2001).

[5] Such daily activities undermine his claims of disability. *Andrews v. Colvin*, 791 F.3d 923, 929 (8th Cir. 2015).

6

### 2.      Opinion of Dr. Darrell Ragland, PCP[6]

Smith next argues that the ALJ did not properly evaluate the medical opinion of Dr. Ragland, M.D. In October 2020, Dr. Ragland submitted an opinion about Smith's abilities in the workplace. He essentially limited Smith to no more than sedentary work, with a need to elevate his legs and absences of more than three days per month, among other things. (Tr. at 798-799). Dr. Ragland did not support these findings with objective evidence.[7] And he stated that his findings only covered a period from October 2019 to October 2020. (Tr. at 799).

The ALJ found this opinion to be unpersuasive. (Tr. at 1428). He noted that the opinion was inconsistent with generally normal physical examination findings. *Id*. While the ALJ did not go into great detail to further support his conclusion that Dr. Ragland's opinion was unpersuasive, he addressed in other parts of the decision objective imaging, treatment, nature of pain, subjective complaints, noncompliance, and Smith's ability to work during the relevant time-period. (Tr. at 1419-1426). And the ALJ discussed the opinions of the sate-agency medical experts, who both found

---

[6] The ALJ must "evaluate the persuasiveness of medical opinions by considering (1) whether they are supported by objective medical evidence, (2) whether they are consistent with other medical sources, (3) the relationship that the source has with the claimant, (4) the source's specialization, and (5) any other relevant factors." *Bowers v. Kijakazi*, 40 F.4th 872, 875 (8th Cir. 2022) (citing 20 C.F.R. § 404.1520c(c)). However, "[t]he first two factors—supportability and consistency—are the most important." *Id*. (citing 20 C.F.R. § 404.1520c(a)). Pursuant to the regulations, "treating physicians are [no longer] entitled to special deference." *Austin v. Kijakazi*, 52 F.4th 723, 728 (8th Cir. 2022) (citing 20 C.F.R. § 404.1520c(a)).

[7] A medical opinion form has little evidentiary value when it cites to no medical evidence and provides little or no elaboration. *Anderson v. Astrue*, 696 F.3d 790, 794 (8th Cir. 2012).

that Smtih could perform light work. (Tr. at 1429). The ALJ found these opinions partially persuasive, and he limited Smtih further in the RFC, demonstrating he gave credit to Smith's allegations of functional loss. *Id*. The record does not support Dr. Ragland's extreme restrictions and the ALJ properly considered the opinion.

### 3. Absenteeism

Finally, Smith asserts that the ALJ should have included an RFC restriction based on alleged absenteeism. He says that because he had to go to doctors' appointments, he would miss more work than would be allowed. Mere allegations do not support a finding of disability.[8] And the RFC need only include limitations that the ALJ finds to be credible.[9] Smith lists appointments he had during thr relevant time period, but there is no correlation to how much time he would spend at appointments in the future. And this court has found that a record of medical appointments does not equate to absenteeism that would prevent work. *See Tucker v. Kijakazi*, No. 3:22-cv-00102-ERE, 2023 WL 2403145, at *4 (E.D. Ark. Mar. 8, 2023). It is a claimant's burden to show that he could not attend appointments after hours or during his lunch break. *Austin v. Comm'r of Soc. Sec. Admin.*, No. 3:22-CV-00100-JTK, 2023 WL 2967889, at *4 (E.D. Ark. Apr. 17, 2023).

Smith's treatment was conservative. He improved over the relevant time-

---

[8] *See Reter v. Railroad Retirement Board*, 465 F.3d 896, 899 (8th Cir. 2006).

[9] *McGeorge v. Barnhart*, 321 F.3d 766, 769 (8th Cir. 2003).

period. He worked for some time during the relevant time-period which contravenes his contention about absenteeism. He has not shown that he needed or would need the kind of medical treatment that would result in absenteeism precluding all work. His final argument fails.

## IV.    Conclusion

The ALJ applied proper legal standards in evaluating Smith's claims, and substantial evidence supports the decision to deny benefits.

IT IS THEREFORE ORDERED that Commissioner's decision is affirmed and judgment will be entered in favor of the Commissioner.

Dated 9th day of June 2026.

UNITED STATES MAGISTRATE JUDGE